## SETTLEMENT AGREEMENT AND RELEASE
### (Between Plaintiffs and Defendants)

This Settlement Agreement and Release is hereby entered into on this _12th_ day of

_February_, 2024, between **SANDRA KRAUZ, Individually and as Next Friend on**

**behalf of** [redacted], **a minor**, and **KAIROS ACADEMIES, a Missouri public**

**charter school and nonprofit corporation, and SELECTIVE INSURANCE COMPANY OF**

**AMERICA.**

### Preamble

1.     The following terms shall be defined for purposes of this Settlement Agreement and Release:

A. "Agreement" shall mean this Agreement and Release.

B. "Complaint" shall mean the Complaint, as amended, filed by Plaintiffs against the Missouri Charter Public School Commission, Kairos Board of Education, Kairos St. Louis, Jack Krewson, Julia Larimore, Does 1-3, Scott Cisneros, Lee Rohrer, Gavin Schiffries, Nilesh Patel and Kat Lucido, Individually in the United States District Court for the Eastern District of Missouri, styled *S.K., Individually, and as Next Friend on Behalf of N.S., Minor vs. Missouri Charter Public School Commission, Kairos Board of Education, Kairos St. Louis, Jack Krewson, Julia Larimore, Does 1-3, Scott Cisneros, Lee Rohrer, Gavin Schiffries, Nilesh Patel and Kat Lucido, Individually*, Case No. 4:22-CV-00363-HEA, and the allegations contained therein.

C. "Damages" shall mean all monetary damages of whatever kind alleged or claimed by Plaintiffs arising out of the Complaint, including but not limited to actual damages, compensatory damages, and punitive damages.

D. "Plaintiffs" shall mean collectively Sandra Krauz, Individually, and [redacted], a Minor, and all of their attorneys, heirs, assigns, agents and representatives.

E. "Defendants" shall mean Missouri Charter Public Schools Commission, Missouri Charter Public School Association, Kairos Academies (misnamed as Kairos Board of Education and Kairos St. Louis), Jack Krewson, Julia Larimore, Does 1-3, Scott Clithero (misnamed as Scott Cisneros), Lee Rohrer, Gavin Schiffres (misnamed as Gavin Schiffries), Nilesh Patel and Kat Lucido, Individually; Selective Insurance Company of America, and any other person or entity Plaintiffs could have sued as a result of the minor plaintiff's attendance at Kairos and the allegations of Plaintiffs' Complaint.

F. "Kairos" shall mean Kairos Academies and shall include all of its present and former directors, officers, members, students, agents, attorneys, administrators, servants, employees, successors, assigns, insurers and any other person or entity which may be liable on their behalf, including but not limited to Jack Krewson, Julia Larimore, Scott Clithero, Lee Rohrer, Gavin Schiffres, Nilesh Patel, and Kat Lucido (collectively, "Kairos Defendants"),

G. "Charter School Commission" shall mean Missouri Charter Public Schools Commission and Missouri Charter Public School Association (Co-Defendant), its officers, agents, representatives, and attorneys.

H. "Parties" shall mean collectively the Plaintiffs, Kairos Defendants, and Selective Insurance Company of America.

I. "MHRA" shall mean the Missouri Human Rights Act, Section 213.010, RSMo., *et seq.*, including, but not limited to the public accommodations provisions of the statute.

J. "Title VII" shall mean Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.*

K. "ADA" shall mean the Americans with Disabilities Act. 42 U.S.C. § 12101 et. Seq. Title II of the Americans with Disabilities Act of 2010, 28 CFR 35 et. seq.; Individuals with Disabilities Education Act of 2004, 20 U.S.C. § 1411; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 701.

2.  Plaintiffs filed a fourteen (14) count Complaint alleging the following:

| Count I | Violation of 42 U.S.C. § 2000c et. seq. |
| Count II | Violation of 28 CFR § 35 et. seq. (Disability Discrimination) |
| Count III | Violation of 28 CFR § 35 et. seq.(Failure to Provide Equal Opportunity) |
| Count IV | Violation of 20 U.S.C. § 1400 (Failure to Provide Special Education) |
| Count V | Violation of 20 U.S.C. § 1411 (Failure to Use Least Restrictive Means) |
| Count VI | Violation of 42 U.S.C. § 1983 (Failure to Train and Supervise) |
| Count VII | Violation of 42 USC § 1983 (Unconstitutional Practices) |
| Count VIII | Violation of 42 USC § 1983 (Unconstitutional Acts) |
| Count IX | Violation of 42 U.S.C. § 1983 (Denial of Equal Protection Rights) |
| Count X | Negligence |
| Count XI | Negligent Supervision |
| Count XII | Intentional Infliction of Emotional Distress |
| Count XIII | Negligent Infliction of Emotional Distress |
| Count XIV | Invasion of Privacy-Intrusion Upon Seclusion |

3.  Plaintiffs, and both of them, understand and agree that at all times, the Defendants: (a) have denied and continue to deny that they, or any of them, have engaged in any conduct which violates 42 U.S.C. Section 1983, the Fourteenth Amendment to the United States Constitution, the MHRA, Title VII, ADA or any other Federal or State statute, regulation, guideline or ordinance;

and, (b) have denied, and continue to deny that they, or any of them, have engaged in any unlawful conduct; and, (c) have denied, and continue to deny that Plaintiffs, or either of them, have suffered any Damages as a result of the actions claimed in the Complaint; and, (d) have denied, and continue to deny that Plaintiffs, or either of them are entitled to receive Damages or equitable relief; and, (e) have continually alleged and plead that the Complaint is without factual basis.

4.     Plaintiffs, and both of them, understand and agree that the actions taken by the Defendants, as set forth in this Agreement: (a) do not constitute an admission that any of them have engaged in any conduct toward Plaintiffs or others, which violates 42 U.S.C. Section 1983, the Fourteenth Amendment to the United States Constitution, the MHRA, Title VII, ADA or any other Federal or State statute, regulation, guideline or ordinance, including but not limited to the causes of action set forth in the Complaint; and, (b) do not constitute an admission that the Complaint constitutes a viable, non-frivolous cause of action; and, (c) do not constitute an admission that any of them, have engaged in any unlawful conduct toward Plaintiffs or others; and, (d) do not constitute an admission that Plaintiffs, or either of them, have suffered any Damages as a result of the actions claimed in the Complaint or that they are entitled to receive Damages or equitable relief; and (e) do not constitute an admission that Plaintiffs are a "prevailing party" pursuant to 42 U.S.C. Section 1988, or any other Federal or State statute which allows them to apply for and collect attorney's fees in this case.

5.     Plaintiffs, and both of them, state that they have not assigned the claims contained in the Complaint and that in exchange for the good and sufficient consideration stated in this Agreement, they agree as follows:

a) Plaintiffs, and both of them, shall release the Defendants and any other person or entity which Plaintiffs could have sued as a result of the events alleged in Plaintiffs' Complaint as hereafter set forth in this Agreement;

b) Plaintiffs, and both of them, shall dismiss the Complaint with prejudice to refiling ;

c) Plaintiffs, and both of them, shall be responsible for their own attorneys' fees and costs, and neither are, or shall claim to be, a "prevailing party" pursuant to Title VII, the MHRA, ADA and/or 42 U.S.C. §1988, or any other statute allowing attorney's fees, and, as a result, they are not entitled to apply for, or receive payment for their attorney's fees and costs;

d) Plaintiffs, and both of them, shall be responsible for the payment of all taxes owed by either of them on any sum paid to them pursuant to this Agreement; and

e) Because ▓▓▓▓▓▓▓▓ is a minor under the age of eighteen, Sandra Krauz, as Natural Parent and Next Friend of ▓▓▓▓▓▓▓▓, shall apply for court approval of the settlement under seal and for placement of the settlement funds in a restricted account for the sole benefit of ▓▓▓▓▓▓▓▓ until he reaches the age of majority, with the Conservator being appointed as Sandra Krauz. The settlement is contingent upon Court Approval.

6.      In exchange for the goods and sufficient consideration stated in this Agreement for alleged but disputed personal injuries and damages to Plaintiffs, Kairos Academies and Selective Insurance Company of America agree to the following:

a) Kairos shall cause a check to be issued to Plaintiffs, by its insurance carriers, in the gross amount of                                                                    made payable to Plaintiffs and their attorneys at the Ruston Law Firm based in St. Louis, Missouri.

7.      **Release Agreement.**          In consideration of the commitments of Kairos, which are described in this Agreement, Plaintiffs, and both of them, by their signatures on this Agreement, agree to release, acquit, and forever discharge the Defendants and their respective present and former directors, officers, members, students, agents, attorneys, administrators, servants, employees, successors, assigns, insurers, heirs, spouses ("Defendant Releasees") and any other persons or entities who could have been sued by Plaintiffs for the events alleged in Plaintiffs' Complaint and from the minor plaintiff's participation in school with the Defendants, from any and all claims, actions, Damages, attorneys' fees and costs, obligations and causes of action, in law or in equity, of every nature and description, known and unknown, which Plaintiffs, or either of them, now have or hereafter may have against the Defendant Releasees and any other persons or entities, for any matter, cause or thing whatsoever, from the beginning of the world to the date of this Agreement, including but not limited to claims arising out of, or in connection with, the allegations contained in the Complaint. This release is a general release of any and all persons who could be liable to Plaintiffs.

Without limiting the foregoing, Plaintiffs, and both of them, further release and discharge the Defendant Releasees and any other person or entities from all claims and damages they, or either of them may have that arise out of the MHRA; ADA; Title VII; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and its implementing regulations 34 C.F.R. Part 106; The Civil Rights Acts, 42 U.S.C. § 1981 through 42 U.S.C. § 1988; the Family Educational Rights and Privacy Act, 20 U.S.C. Section 1232g, *et seq.* and its Regulations, 34 C.F.R. Part 99; Fourteenth Amendment to the Constitution of the United States Section I; Title VI of the Civil Rights Act of 1983, 42 U.S.C. §§ 1983 and 2000d et. seq.; Title II of the Americans with Disabilities Act of 2010, 28 CFR 35 et. seq.; Individuals with Disabilities Education Act of 2004, 20 U.S.C. § 1411; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701; the Constitution of the United States of America; the Constitution of the State of Missouri; any other federal or state constitution, statute, law, provision, order, ordinance, regulation or guideline; and, any and all actions, omissions, and occurrences alleged to have been committed or to have taken place during any time of the Minor's enrollment and attendance at Kairos.

8.      **Indemnity Agreement.**      Plaintiffs, and both of them, further agree to hold Defendants harmless, and to defend and indemnify them against any suits, claims, judgments, any and all liens, costs or expenses of any kind, including attorneys' fees and taxes, arising in any manner whether from any attorney, medical doctor, insurance company or the assertion of any claim by Medicare or Medicaid for recovery of payments, conditional payments or overpayments. Plaintiffs, and both of them, shall hold Defendants harmless from any and all adverse consequences in the event this settlement results in the loss of right to Social Security and/or

Page 4 of 6

Medicare and/or Medicaid benefits to the extent Plaintiffs, and both of them, would have been entitled to those benefits in the absence of this settlement agreement.

The Parties further agree that this Agreement is intended to be a full and final resolution of all claims and disputes between Plaintiffs and the Defendants, Defendant Releasees, and any other persons or entities for the events and allegations of the Complaint and the Release contained in this Agreement is made in good faith pursuant to Section 537.060 RSMo.

9.      Plaintiffs, and both of them, agree that they have been given an opportunity to consult with their attorneys and they have executed this Agreement freely and the same is signed by each of them as his or her own free act and deed.

10.     Plaintiffs, and both of them, agree that the actions and promises specified in this Agreement constitute good and sufficient consideration for the agreements and promises made by each of them in this Agreement.

11.     Plaintiffs, and both of them, understand and agree that this Agreement is considered by the law of the State of Missouri to be an open public record and therefore subject to being publicly released by the Defendants, upon proper request made pursuant to the Missouri Sunshine Statute, Section 610.010 *et seq.* RSMo. Otherwise, Plaintiffs, and both of them, agree that the agreement is confidential as set forth in paragraph 13.

12.     Plaintiffs, and both of them, and Kairos agree that this Agreement contains all the terms of the agreements reached between the parties; that there are no other terms to this Agreement unless they appear in this written document; that each of the provisions of this Agreement shall be enforceable independently of any other provision herein; and that, in the event any dispute arises under this Agreement, it is agreed between the parties that the law of the State of Missouri will govern the interpretation, validity and effect of this Agreement.

13.     The terms and conditions of this Agreement are confidential, and the parties agree that they shall not disclose the same to any other person or entity except; however, that this confidentiality agreement shall not apply in connection with seeking of advice from financial advisors, tax advisors, attorneys or when otherwise required by law to disclose such information. The parties further recognize and agree that no monetary consideration is being paid for or on account of or in exchange for the terms of confidentiality herein because the mutual benefits of privacy afforded to all parties by such terms are in themselves sufficient consideration, therefore. All amounts paid under this settlement are in the settlement of the underlying claims of the parties and not as compensation for the confidentiality agreement.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTENTIONALLY LEFT BLANK

## SIGNATURES FOLLOW

Dated: 2-12-24

Signature of Plaintiff Sandra Krauz, Individually
and as Next Friend of Minor Naee'm Shands

Dated: 2-12-24

Signature of Plaintiffs' Attorney

Printed Name of Plaintiffs' Attorney

Law Firm Name of Plaintiffs' Attorney

Dated: 2/22/24

Signature of Duly Authorized Representative for
Defendant Kairos

Khalil Graham

Printed Name & Title of Duly Authorized
Representative for Defendant Kairos

Page 6 of 6